# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD U. AKAGHA, | Case No. 1:25-cv-01219-JLT-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE** |
| v. | |
| AFFINIA DEFAULT SERVICES, LLC, et al., | (Doc. 6) |
| Defendants. | **TWENTY-ONE DAY DEADLINE** |

Plaintiff Bernard U. Akagha is proceeding *pro se* in this action that was removed from Fresno County Superior Court by Defendants Affinia Default Services, LLC, Lakeview Loan Servicing, LLC, and Nationstar Mortgage LLC d/b/a Mr. Cooper (collectively "Defendants") on September 15, 2025. (Doc. 1.)

On September 22, 2025, Defendants Lakeview Loan Servicing, LLC and Nation Star Mortgage LLC filed a motion to dismiss. (Doc. 3). Although Plaintiff's response to the motion to dismiss was due on October 9, 2025, no response or opposition was filed. (*See* Docket). On October 15, 2025, the undersigned issued an order requiring Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for failure to respond to the motion to dismiss as required by the local rules and for failure to prosecute this case. (Doc. 6.) Plaintiff was warned in the OSC that failure to comply with the Court's order would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id.* at 2.) Plaintiff has not yet filed any

response, and the time to do so has passed.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110; *see also* E.D. Cal. Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the motion to dismiss and the OSC, the undersigned will recommend that this action be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute and obey Court orders.

Federal Rule of Civil Procedure 41(b) grants district courts the authority to dismiss actions *sua sponte* for failure to prosecute or obey court orders. *See Link v. Wabash R.R.*, 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Dismissal, however, is a harsh penalty and is to be imposed only in extreme circumstances. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met

in order for a court to take action. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Here, Plaintiff has failed to comply with the Court's orders and Local Rules. Plaintiff has filed neither a response to the Court's order to show cause nor an opposition or statement of non-opposition to the motion to dismiss, and the time to do so has passed. There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *See Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case and respond to the pending motion to dismiss filed on September 22, 2025. (Doc. 3). The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendant—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA)*, 460 F.3d at 1226 (citation omitted). Plaintiff has not moved this case forward toward disposition on the merits. He has instead failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules, and is thus impeding the progress of this action. Therefore, the fourth factor—the public policy favoring disposition of cases on their merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the undersigned's order to show cause, requiring a response from Plaintiff, cautioned: "**Failure to comply with this order will result in a recommendation that this case be dismissed**

**for failure to prosecute**." (Doc. 6 at 2.)

Plaintiff was adequately forewarned that the failure to timely respond to the show cause order could result in terminating sanctions. Because Plaintiff has failed to comply with this Court's orders and Local Rules, and in so doing is failing to prosecute their case, the undersigned will recommend dismissal of this action. Despite the undersigned's Order expressly requiring him to do so, Plaintiff still has not filed an opposition to the motion to dismiss or a notice of non-opposition informing the Court of his intention to dismiss this action.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute this action.

These Findings and Recommendation will be submitted to the to-be-assigned United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court **DIRECTS** the Clerk of Court to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **November 12, 2025**           /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE